UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| WILLIAM JOSEPH VanHORN, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | No. 2:12-cv-0284-JMS-WGH |
| ) | |
| SUPERINTENDENT, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas
Corpus and Denying Certificate of Appealability**

For the reasons explained in this Entry, the petition of William VanHorn for a writ of habeas corpus must be denied and the action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

**The Petition for Writ of Habeas Corpus**

**I. Background**

Based on his plea of guilty, VanHorn was convicted in an Indiana state court of burglary and theft. He was then sentenced to a term of 8 years. The trial court's denial of VanHorn's petition for post-conviction relief was affirmed on appeal in *VanHorn v. State*, No. 18A02-1109-PC-837 (Ind.Ct.App. July 5, 2012)(unpublished)(*VanHorn*). VanHorn petitioned for transfer to the Indiana Supreme Court, claiming that his trial attorney rendered ineffective assistance of counsel and that the Indiana Court of Appeals erred in the disposal of his free-standing claim of fundamental error. The Indiana Supreme Court denied VanHorn's petition for transfer on August 30, 2012. The filing of VanHorn's petition for writ of habeas corpus followed.

In his habeas petition, VanHorn asserts the following claims: (1) his arrest, detention, and post-arrest statements violated both the Fourth Amendment and Article I, Section 11 of the Indiana Constitution; (2) the trial court should have granted his motion to suppress pursuant to both the Fourth Amendment and Article I, Section 11 of the Indiana Constitution; (3) his arrest and post-arrest statements amounted to fundamental error under both the Fourth Amendment and Article I, Section 11 of the Indiana Constitution; and (4) he was denied effective assistance of counsel.

## II. Applicable Law

### A. The AEDPA

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a) (1996). The Court of Appeals has reviewed the standard to be applied here:

> When a state court has ruled on the merits of a habeas claim, our review is circumscribed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* 28 U.S.C. § 2254(d); *Harrington v. Richter,* 131 S. Ct. 770, 783–84, 178 L.Ed.2d 624 (2011). Under AEDPA, we may grant relief only if the state court's decision on the merits "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) and (2). Plainly stated, these are demanding standards. This Court has recognized that federal courts should deny a habeas corpus petition so long as the state court took the constitutional standard "seriously and produce[d] an answer within the range of defensible positions." *Mendiola v. Schomig,* 224 F.3d 589, 591–92 (7th Cir. 2000).

*Atkins v. Zenk*, 667 F.3d 939, 944 (7th Cir. 2012). "Under AEDPA, federal courts do not independently analyze the petitioner's claims; federal courts are limited to reviewing the relevant state court ruling on the claims." *Rever v. Acevedo,* 590 F.3d 533, 536 (7th Cir. 2010). "The habeas applicant has the burden of proof to show that the application of federal law was

unreasonable.@ *Harding v. Sternes,* 380 F.3d 1034, 1043 (7th Cir. 2004)(citing *Woodford v. Visciotti,* 537 U.S. 19, 25 (2002)). "In order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins v. Smith,* 539 U.S. 510, 520-21 (2003) (quoting *Williams v. Taylor,* 529 U.S. 362, 413)(2000)(citations omitted). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett,* 130 S. Ct. 1855, 1862 (2010) (quoting *Lindh v. Murphy,* 521 U.S. 320, 333, n.7 (1997); *Woodford v. Viscotti,* 537 U.S. 19, 24 (2002) (per curiam)).

The Supreme Court recently held that "a state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter,* 131 S. Ct. 770, 786 (2011) (citing *Yarborough v. Alvarado,* 541 U.S. 652, 664 (2004)). Thus, in order to obtain habeas relief in federal court, a state prisoner must show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.*

"Federal courts presume that a state court's determination of a factual issue was correct, and a habeas corpus petitioner bears the burden of rebutting that presumption of correctness by clear and convincing evidence." *Bailey v. Lemke*, 2013 WL 6038419, *5 (7th Cir. Nov. 15, 2013) (citing 28 U.S.C. § 2254(d)(2) and *Wood v. Allen*, 558 U.S. 290, 293 (2010)). "Moreover, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster,* 131 S. Ct. 1388, 1398 (2011).

## B. Procedural Default

"A state prisoner . . . may obtain federal habeas review of his claim only if he has exhausted his state remedies and avoided procedurally defaulting his claim." *Thomas v. McCaughtry,* 201 F.3d 995, 999 (7th Cir. 2000). A state prisoner procedurally defaults on a constitutional claim in a federal habeas petition when he fails to raise the claim in the state's highest court in a timely fashion. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 848 (1999); *Hough v. Anderson,* 272 F.3d 878, 892 (7th Cir. 2001).

Procedural default can also occur with respect to "a claim rejected by a state court 'if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment.'" *Beard v. Kindler,* 130 S. Ct. 612, 615 (2009) (quoting *Coleman v. Thompson,* 501 U.S. 722, 729 (1991)).

When procedural default has occurred, it can be overcome if a habeas petitioner "can demonstrate either (a) cause for the default and prejudice (*i.e.,* the errors worked to the petitioner's '*actual* and substantial disadvantage,'); or (b) that failure to consider his claim would result in a fundamental miscarriage of justice (*i.e.*, a claim of actual innocence)." *Conner v. McBride,* 375 F.3d at 649 (internal citations omitted). "Cause" for a procedural default exists if the petitioner can demonstrate that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Prejudice is demonstrated by showing that the errors worked to the petitioner's "actual and substantial disadvantage." *United States v. Frady*, 456 U.S. 152, 170 (1982).

### III. Discussion

### A. Non-Cognizable Claims

"A necessary predicate for the granting of federal habeas relief [to a petitioner] is a determination by the federal court that [his or her] custody violates the Constitution, laws, or treaties of the United States." *Rose vs. Hodges*, 423 U.S. 19, 21 (1975). For example, claims of state law violations do not meet this standard. *See Wilson v. Corcoran,* 131 S. Ct. 13, 16 (2010)("But it is only noncompliance with federal law that renders a State's criminal judgment susceptible to collateral attack in the federal courts."); *Del Vecchio v. Illinois Dep't. of Corr.,* 31 F.3d 1363, 1370 (7th Cir. 1994) (habeas corpus jurisdiction is limited to evaluating alleged violations of federal statutory or constitutional law); *Bloyer v. Peters,* 5 F.3d 1093, 1098 (7th Cir. 1993) (citing *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991)). "To say that a petitioner's claim is not cognizable on habeas review is thus another way of saying that his claim ›presents no federal issue at all.‹" *Perruquet v. Briley,* 390 F.3d 505, 511 (7th Cir. 2004)(quoting *Bates v. McCaughtry,* 934 F.2d 99, 101 (7th Cir. 1991)).

VanHorn's claims that his arrest and detention and the trial court's denial of his motion to suppress his post-arrest statements violated the Indiana Constitution are claims under Indiana law and hence are not cognizable here.

Furthermore, Fourth Amendment claims such as VanHorn presents could only constitute a cognizable claim for habeas corpus proceedings under limited circumstances. "Relief on a Fourth Amendment claim thus requires a habeas petitioner to show two things: (1) that the state court denied him a full and fair hearing on his claim, and (2) that the claim was meritorious." *Monroe v. Davis*, 712 F.3d 1106, 1113 (7th Cir. 2013). The test for whether the state court has accorded a habeas petitioner a full and fair hearing on a Fourth

Amendment claim is whether "the state court heard the claim, looked to the right body of case law, and rendered an intellectually honest decision." Id. at 1114 (citing cases).

The expanded record in this case shows that VanHorn was accorded the opportunity for full and fair litigation of the claim in the state courts. This consisted of the hearing conducted on the motion to suppress and the state courts' consideration of the evidence at that hearing and the legal questions which emerged from it. VanHorn's Fourth Amendment claim supplies no basis for relief here, nor even for review.

### B.  Defaulted Claims

In addition, VanHorn's first three habeas claims are doubly procedurally defaulted.

First, VanHorn's default as to these claims is established by his having failure to include them in his petition for transfer following the initial appellate decision in *VanHorn.*

Second, these claims were disposed of independent and adequate state law grounds in *VanHorn.* Specifically, the Indiana Court of Appeals explained that VanHorn could not challenge pretrial orders once a guilty plea is entered and that "[VanHorn's] free-standing claims of fundamental error are not available in post-conviction proceedings." *VanHorn*, at pp. 6-7. This was an entirely normative application of Indiana law on the subject. *See Stephenson v. State,* 864 N.E.2d 1022, 1029 (Ind. 2007) (holding that freestanding claims of trial error, fundamental or otherwise, are not available in post-conviction proceedings). VanHorn does not overcome this procedural hurdle. He is therefore not entitled to a review of the merits of these claims.

Although VanHorn argues that he had no choice but to enter a guilty plea, he has not shown circumstances here that overcome either prong of his procedural default.

### C. Ineffective Assistance of Counsel

VanHorn's remaining claim is that he was denied the effective assistance of trial counsel. Specifically, VanHorn claims that trial counsel improperly advised him that if he did not enter into a guilty plea he would certainly be found guilty at trial and would be sentenced anywhere from 30-50 years. The "clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), pertaining to VanHorn's claim is supplied by *Strickland v. Washington,* 466 U.S. 668, 687 (1984). To establish ineffective assistance of counsel under *Strickland,* the petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced him. *Id.* For a petitioner to establish that "counsel's assistance was so defective as to require reversal" of a conviction or a sentence, he must make two showings: (1) deficient performance that (2) prejudiced his defense. *Id.* at 687.

With respect to the first prong, "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Wiggins v. Smith,* 539 U.S. 510, 521 (2003) (quoting *Strickland,* 466 U.S. at 688). In determining whether counsel's performance was constitutionally deficient, the Court's review of counsel's performance is "highly deferential," and the petitioner "must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Davis v. Lambert,* 388 F.3d 1052, 1059 (7th Cir. 2004). With respect to the prejudice requirement, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694; *see also Benefiel v. Davis,* 357 F.3d 655, 661 (7th Cir. 2004).

Ineffective assistance of counsel renders a plea involuntary. *United States v. Carroll,* 412 F.3d 787, 793 (7th Cir. 2005). To satisfy the *Strickland* standard in the context of a guilty plea, a petitioner must show that "counsel's advice regarding the plea was objectively unreasonable and that there is a reasonable probability that but for counsel's error, [petitioner] would not have pled guilty, but would have insisted upon a trial." *Moore v. Bryant,* 348 F.3d 238, 241 (7th Cir. 2003) (citing *Hill v. Lockhart,* 474 U.S. 52, 59 (1985)).

"The bar for establishing that a state court's application of the *Strickland* standard was 'unreasonable' is a high one, and only a clear error in applying *Strickland* will support a writ of habeas corpus." *Allen v. Chandler*, 555 F.3d 596, 600 (7th Cir. 2009). "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington,* 131 S. Ct. at 788 (internal and end citations omitted). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id.*

In VanHorn's case, the Indiana Court of Appeals recognized the *Strickland* standard and examined the circumstances surround the plea and the sentence. *VanHorn* at p. 7. The parties agree that the AEDPA deference applies and that VanHorn's claim is that the Indiana Court of Appeals' application of *Strickland* was objectively unreasonable. As discussed above, a state court unreasonably applies controlling Supreme Court precedent when it "identifies the correct governing legal rule" from the Court's cases, "but unreasonably applies it to the facts of the particular state prisoner's case." *Williams v. Taylor,* 529 U.S. 362, 407 (2000). An unreasonable application also occurs when a state court unreasonably refuses to extend a governing legal principle to a context in which it should have controlled, or "unreasonably extends a principle to

a situation in which it should not have controlled." *Jones v. Basinger*, 635 F.3d 1030, 1044 (7th Cir. 2011). Only the former strain is implicated by VanHorn's arguments.

The detail with which the Indiana Court of Appeals examined the circumstances surrounding the plea demonstrates that Court's comprehensive consideration of VanHorn's challenge. Turning to that examination, the following emerges from *VanHorn* relative to the specific contentions presented in this case:

- VanHorn's failed to demonstrate that trial counsel provided erroneous advice as to his sentence had he gone to trial because, "nothing in the record indicates that Hunter advised VanHorn to plead guilty or that Hunter gave VanHorn incorrect advice regarding the penal consequences of going to trial versus pleading guilty. In fact, Hunter's testimony affirmatively establishes the opposite. As stated earlier, VanHorn presented no other evidence in support of his claims." *VanHorn*, at pp. 9-10.

- During the guilty plea hearing, "VanHorn assured the court that he understood his constitutional and statutory rights and that his decision to plead guilty was voluntary. Indeed, when specifically asked if he was satisfied with Hunter's legal representation, VanHorn responded, 'Absolutely.' Based upon the record before us, VanHorn has not met his burden to show that he was denied the effective assistance of trial counsel." *Id.*, at p. 10.

The foregoing conclusions were well within the spectrum of the permissible AEDPA deference. The rulings of the Indiana Court of Appeals, regarding VanHorn's claims that his attorney intimidated him by exaggerating the penalty if VanHorn went to trial and did not provide proper advice as to the law permitting him to make a valid guilty plea were not objectively unreasonable. There was not an iota of evidence presented at the hearing on VanHorn's petition for post-conviction relief to support an inference that that but for counsel's error VanHorn would not have pled guilty, but would have insisted upon a trial. This is a particularized conclusion showing that he was not prejudiced by the advice he received. *Hutchings v. U.S.,* 618 F.3d 693, 697 (7th Cir. 2010)("To establish prejudice in the pleading context, the petitioner must prove that there is a reasonable probability that he would not have pled guilty absent his attorney's deficient

conduct. To make that showing, the petitioner must do more than simply allege that he would have insisted on going to trial; he must also come forward with objective evidence that he would not have pled guilty. . . . Objective evidence includes the nature of the misinformation provided by the attorney to the petitioner and the history of plea negotiations.") (internal quotation and citations omitted); *United States v. Hays,* 397 F.3d 564, 567 (7th Cir. 2005)("In order for a plea to be valid, it must be made voluntarily, knowingly, and intelligently.")(citing cases).

### IV. Conclusion

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). As to several of his claims, VanHorn has encountered the hurdles of presenting non-cognizable claims under 28 U.S.C. § 2254(a) and the doctrine of procedural default. He has not shown the existence of circumstances permitting him to overcome these hurdles, and hence is not entitled to the relief he seeks as to his claims regarding his arrest, detention and post-arrest statements and the trial court's denial of his motion to suppress or as to his claim based on Indiana law.

With respect to the habeas claim which has been properly preserved for review here, VanHorn is not entitled to relief. The requirements of the AEDPA "create an independent, high standard to be met before a federal court may issue a writ of habeas corpus to set aside state-court rulings." *Uttecht v. Brown,* 127 S. Ct. 2218, 2224 (2007) (citations omitted). As the Supreme Court recently explained, the AEDPA's requirements reflect "the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Harrington v. Richter,* 131 S. Ct. 770, 786 (2011) (quoting *Jackson v. Virginia,* 443 U.S. 307, 332 n.5 (1979)).

Having applied the appropriate standard, and having considered the pleadings and the expanded record, VanHorn's petition for writ of habeas corpus must be denied. Judgment consistent with this Entry shall now issue.

### Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the Court finds that VanHorn has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 11/21/2013

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

William Joseph VanHorn
DOC #883134
Putnamville Correctional Facility
1946 West U.S. Hwy 40
Greencastle, IN 46135

Electronically Registered Counsel